FILED

2016 Feb-11  PM 04:35
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ADRIENNE ZINDER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | <u>**JURY TRIAL DEMANDED**</u> |
| **MIDLAND FUNDING, LLC,** | ) | |
| **Defendant.** | ) | |

---

## COMPLAINT

---

This is an action brought by the Plaintiff, Adrienne Zinder, for actual and statutory damages, attorney's fees, and costs for Defendants' violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that at all relevant times the Defendant transacted business here, and the Plaintiff resides here.

## STATEMENT OF THE PARTIES

1.   Plaintiff, Adrienne Zinder, is over the age of nineteen (19) years and is  a resident of the city of Mountain Brook in Jefferson County,

Alabama.

2.     Defendant Midland Funding, LLC. is and at all times pertinent herein

was, a foreign corporation or other legal entity organized under the

laws of the State of Delaware with its principal place of business in

San Diego, California. Plaintiff asserts that, upon information and

belief, Defendant Midland Funding, LLC is a debt collector as that

term is defined by the Fair Debt Collection and Practices Act at 15

U.S.C. §1692(a)(6).

3.     All events herein occurred in Jefferson County, Alabama.

## STATEMENT OF FACTS

### *Background*

4.     On or about September 15, 2015, Defendant Midland Funding, LLC

(hereinafter "Midland") by and through their counsel, The Law

Offices of Holloway & Moxley, LLP, (hereinafter "Holloway") sent a

letter to Plaintiff in an attempt to collect a debt allegedly owed to

Midland.

5.     The original creditor of the alleged debt was GE Capital Retail Bank

Sams Club.  The balance of the account Midland was trying to collect

was $3,672.54.

6.     Said account was a debt allegedly owed by Plaintiff to GE Capital

Retail Bank, an entity not a party to this lawsuit, as the result of the

use of a credit card.

7.     In response to receiving this letter, Plaintiff wrote to

Holloway/Midland disputing the validity of the alleged debt on or

about September 21, 2015.  This letter was sent via certified mail and

was received by Holloway on September 24, 2015.

8.     Midland responded to Plaintiff's request for validation through its

counsel Holloway on or about December 9, 2015 and provided

documents that Midland alleged validated the debt Midland was

attempting to collect.

9.     The documents produced in response to Plaintiff's request for

validation were merely documents created by Midland.  No

documents from the original creditor were provided with the

December 9, 2015 correspondence.

10.    In response to receiving the December 9, 2015 letter, Plaintiff wrote

to Midland's counsel, Holloway, on or about December 17, 2015.  In

her response, Plaintiff wrote that she refused to the pay the debt and

requested not to be contacted about the debt again.

11.   Plaintiff's December 17, 2015 letter was sent via certified mail and
      was received by Holloway on December 21, 2015.

12.   Despite receiving Plaintiff's December 17, 2015 letter refusing to pay
      the alleged debt and requesting not to be contacted about the matter
      again, Midland, through its counsel Holloway, wrote to Plaintiff
      again on or about January 27, 2016.

13.   The January 27, 2016 letter from Midland through Holloway stated
      that Midland authorized a "special tax season settlement" on the
      alleged account and was an attempt to collect the disputed debt.

## COUNT ONE
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

14.   Plaintiff incorporates by reference all of the above paragraphs of this
      Complaint as though fully stated herein.

15.   The foregoing acts and omissions of Defendant Midland and its
      employees and agents constitute numerous and multiple violations of
      the FDCPA, 15 U.S.C. § 1692 *et seq*., including, but not limited to,
      15 U.S.C. § 1692c(c) with respect to Plaintiff.

16.   As a direct and proximate result of the wrongful conduct visited upon

Case 2:16-cv-00242-WMA   Document 1   Filed 02/11/16   Page 5 of 6

Plaintiff by Midland in its collection efforts, Plaintiff suffered actual damages including physical pain and emotional distress.

17. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## DAMAGES

Plaintiff alleges that as a direct and proximate result of the Defendant's acts alleged herein, Plaintiff was caused to incur physical pain as well as mental and emotional suffering.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims damages of the Defendant in statutory, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief as this court deems proper and/or necessary.

In addition to the above, Plaintiff further demands declaratory judgment that Defendant's conduct violated the FDCPA, actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1), statutory

damages in the amount of $1,000.00 for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k and costs and reasonable attorney's fees for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k.

## PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**PATE & COCHRUN, L.L.P.**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@plc-law.com

**PLAINTIFF'S ADDRESS:**
Adrienne Zinder
4112 Shiloh Drive
Mt. Brook, AL 35213

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

**MIDLAND FUNDING, LLC**
c/o Registered Agent
CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, AL 36104